**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

AKIL GARRETT,

Plaintiff,

vs.

FIRST STUDENT DEARBORN,

Defendant.

Case No. -----

Judge: Hon. ---

Magistrate Judge: Hon. ---

---

Rejanae M. Thurman (P85701)
Rejanae@thurmanlegalcenter.com
THURMAN LEGAL CENTER
403 S. Center Street
Royal Oak, Michigan 48067
Telephone: 586.328.3125

Attorneys for Plaintiff

Gary C. Ankers (P41599)
gankers@littler.com
Jessica G. Kingston (P74417)
jgkingston@littler.com
LITTLER MENDELSON, P.C.
500 Woodward Ave., Suite 2600
Detroit, Michigan 48226
Telephone: 313.446.6400
Facsimile: 313.446.6405

Attorneys for Defendant

---

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant First Student, Inc.[1], (hereinafter referred to as "Defendant"), by its attorneys, Littler Mendelson PC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Case No. 2026-013706-CZ from the Circuit Court for the County

---

[1] Plaintiff named "First Student Dearborn" as Defendant in this action filed in Wayne County. However, is an improper party to this Complaint as no such entity exists. Plaintiff was employed by First Student Management LLC ("FSM"). FSM is a subsidiary of First Student, Inc. First Student Inc. is the sole member of FSM and is incorporated in Delaware and has its headquarters in Cincinnati, Ohio.

of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, and as grounds for its removal state as follows:

## STATEMENT OF THE CASE

1. On or about August 6, 2026, Plaintiff Akil Garrett ("Plaintiff") filed a Complaint in the Circuit Court for the County of Wayne, State of Michigan, styled, *Akil Garrett v. First Student Dearborn* (the "State Court Action").

2. Plaintiff provided a copy of the Summons and Complaint ("Compl.") to Defendant's registered agent on August 12, 2026, copies of which are attached hereto as **Exhibit 1**.

3. The aforesaid documents (Exhibit 1) constitute all process, pleadings, and orders provided to Defendant by Plaintiff in this action thus far.

4. The Complaint purports to assert three causes of action against Defendant: (1) retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"); (2) discrimination based on race under ELCRA; and (3) retaliatory failure to promote/reinstate under ELCRA. (Compl. ¶¶ 23-61).

5. The relief Plaintiff seeks includes "...but not limited to lost wages, lost benefits, lost earning capacity, lost employment opportunities, humiliation, embarrassment, emotional distress, mental anguish, damage to professional reputation and other compensable damages in an amount to be determined at trial."

(Compl. ¶¶31-32, 45, 61). Plaintiff further seeks a judgment to "award Plaintiff compensatory damages, award Plaintiff exemplary damages, award equitable relief, including reinstatement to the Driver/Trainer position or front pay in lieu of reinstatement, if appropriate...award any other and further relief that the Court may deem appropriate and just" (Compl., Relief Requested, page 9).

6. Pursuant to 28 U.S.C. §§ 102(a)(1) and 1441(a), this District Court is the proper venue because it is the district embracing the place where the State Court Action is pending.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

7. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 (diversity), and Defendant may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the alleged value of Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states, as more fully shown below and herein.

8. Upon information and belief, Plaintiff is domiciled in Wayne County, Michigan. (Compl. ¶ 1).

9. For purposes of diversity jurisdiction, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.

§ 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center[.]'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. Defendant is, at the time Plaintiff commenced this action and at present, incorporated in the State of Delaware.

11. Defendant's principal place of business is located in the State of Ohio. All of the company's primary executive, administrative, financial, and management functions are in Ohio, where its corporate officers direct, control, and coordinate its activities. Accordingly, Defendant is a citizen of Ohio and Delaware.

12. Defendant is not now, and never has been, a citizen of the State of Michigan.

13. Thus, as all parties are citizens of different states, complete diversity exists.

14. The allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is seeking damages in excess of $75,000. It is "more likely than not" that the amount in controversy at the time of removal exceeds the jurisdictional limit, though Defendant denies that Plaintiff is entitled to any damages.

*See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz*, 559 U.S. 77; *accord Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

15. Thus, the damages Plaintiff seeks in this case are over $75,000.

**PROCEDURAL REQUIREMENTS**

16. Defendant's Notice of Removal is timely as it was filed within thirty (30) days of receipt of the Complaint on Defendant, pursuant to 28 U.S.C. § 1446(b).

17. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of the Circuit Court for the County of Wayne.

**CONCLUSION**

Based on the foregoing, Defendant hereby removes this case from the Circuit Court for the County of Wayne to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §1332, 1441, and 1446. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections they may have to this action. Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

*/s/ Gary C. Ankers*

Gary C. Ankers (P41599)
gankers@littler.com
Jessica G. Kingston (P74417)
jgkingston@littler.com
LITTLER MENDELSON, P.C.
500 Woodward Ave., Suite 2600
Detroit, Michigan 48226
Telephone: 313.446.6400
Facsimile: 313.446.6405

Dated: September 2, 2026 Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on September 2, 2026, via:

| | | | |
|---|---|---|---|
| X | U. S. Mail | | Facsimile |
| | ECF Filing | | Hand Delivery |
| X | E-Mail | | Federal Express |

*/s/ Gary C. Ankers*
Gary C. Ankers (P41599)

# EXHIBIT 1

26-013706-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 8/6/2026 8:10 AM Jacqueline Ruff

**STATE OF MICHIGAN**
**IN THE WAYNE COUNTY CIRCUIT COURT**

AKIL GARRETT,

Plaintiff,

V

FIRST STUDENT DEARBORN,

Defendant.

Case #: -CZ
Hon:

Thurman Legal Center
Rejanae M. Thurman (P85701)
403 S. Center St
Royal Oak, MI 48067
586-328-3125
Rejanae@thurmanlegalcenter.com

**JURY DEMAND**

COMES NOW PLAINTIFF, Akil Garrett, and hereby makes his demand for trial by jury.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Rejanae M. Thurman*
Rejanae M. Thurman (P85701)
Thurman Legal Center
*Attorneys for Plaintiff*
403 S. Center St.
Royal Oak, MI 48067
586-328-3125
Rejanae@thurmanlegalcenter.com

26-013706-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 8/6/2026 8:10 AM Jacqueline Ruff

**STATE OF MICHIGAN**
**IN THE WAYNE COUNTY CIRCUIT COURT**

AKIL GARRETT, Case #: -CZ
Hon:

Plaintiff,

V

FIRST STUDENT DEARBORN,

Defendant.

Thurman Legal Center
Rejanae M. Thurman (P85701)
403 S. Center St
Royal Oak, MI 48067
586-328-3125
Rejanae@thurmanlegalcenter.com

**COMPLAINT**

*There is no other pending or resolved civil action arising out of the same transaction or occurrences alleged in this complaint.*

PLAINTIFF, Akil Garrett, by and through his attorney, Thurman Legal Center, PLLC, submits the following Complaint against First Student Dearborn ("Defendant").

**JURY DEMAND**

COMES NOW PLAINTIFF, Akil Garrett, and hereby makes his demand for trial by jury.

**JURISDICTION**

1. Plaintiff, Akil Garrett ("PLAINTIFF"), is an individual employee in Wayne County in the State of Michigan.
2. Defendant, First Student Dearborn ("DEFENDANT"), is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Wayne County.

3. This Court has jurisdiction over this action pursuant to M.C.L. § 600.8301, which provides that the Circuit Court has original jurisdiction over all civil cases where the amount in controversy exceeds $25,000.

**VENUE**

4. Venue is proper in the Circuit Court for the County of Wayne because that is the county in which all unlawful actions giving rise to Plaintiff's claims occurred, it is the county in which Plaintiff resided, and it is the county in which Defendant resides and/or maintains its principal place of business.

**STATEMENT OF FACTS**

5. Plaintiff is an African American employee who worked for First Student Dearborn as a Driver/Trainer.

6. During his employment, Plaintiff engaged in protected activity by making complaints to Human Resources regarding workplace issues and participating in efforts to organize a unionized workforce.

7. Plaintiff also advocated on behalf of employees concerning workplace conditions and the fair treatment of employees.

8. Following Plaintiff's protected activity, Defendant became aware of his involvement in union-organizing efforts and his workplace complaints.

9. On or about January 17, 2025, Plaintiff met with a representative of the Teamsters Union.

10. Later that same day, Defendant issued Plaintiff a written disciplinary action for alleged timekeeping and lunch-break violations.

11. Plaintiff alleges that the stated reason for the discipline was false and pretextual.

12. Upon information and belief, similarly situated employees engaged in similar conduct but were not disciplined.

13. On or about January 23, 2025, Defendant demoted Plaintiff from his Driver/Trainer position to Driver.

14. Defendant informed Plaintiff that the demotion was based upon a lack of a "shared vision."

15. Plaintiff alleges that his discipline and demotion were motivated by his protected activity, including his complaints to Human Resources and his participation in union-organizing efforts.

16. After his demotion, Plaintiff repeatedly sought reinstatement to the Driver/Trainer position.

17. Trainer positions became available in or about July 2025 and October 2025, but Defendant did not select Plaintiff despite his prior experience serving in that role.

18. In or about February 2026, another Driver/Trainer position became available, and Plaintiff again sought reinstatement.

19. Defendant selected another candidate and informed Plaintiff that the successful applicant was a "better fit."

20. Plaintiff was further advised that certain "paperwork" rendered him ineligible to serve as a Driver/Trainer.

21. Plaintiff alleges that Defendant's stated reasons for disciplining, demoting, and refusing to reinstate him were false and constituted a pretext for unlawful discrimination and retaliation.

22. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost earning capacity, lost employment opportunities, emotional distress, humiliation, embarrassment, mental anguish, and other economic and noneconomic damages.

## COUNT I
## RETALIATION IN VIOLATION OF THE ELCRA

23. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

24. At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the ELCRA.

25. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

26. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

27. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff complained about favoritism, retaliation, and disparate treatment.

28. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he spoke directly to agents of Defendant.

29. Following Plaintiff's complaints, Defendant failed to take corrective action, dismissed his concerns, and issued disciplinary actions against Plaintiff.

30. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

31. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

32. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

**COUNT II**
**RACE DISCRIMINATION/DISPARATE TREATMENT IN VIOLATION OF THE ELCRA**

33. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

34. At all material times, Plaintiff was an African American employee, and Defendant was his employer covered by, and within the meaning of, the ELCRA.

35. The ELCRA prohibits an employer from discriminating against an employee with respect to employment, compensation, or a term, condition, or privilege of employment because of race.

36. Plaintiff was qualified for his position as Driver/Trainer and had previously performed the duties and responsibilities of that position for Defendant.

37. Defendant did not demote Plaintiff due to misconduct, performance, attendance, or other valid reason, but rather because of a purposefully vague and ambiguous lack of "shared vision".

38. Plaintiff performed his job duties satisfactorily and had the experience, prior service, and qualifications necessary to continue serving as a Driver/Trainer and/or to be restored to that position when trainer opportunities became available.

39. Despite Plaintiff's qualifications and prior service, Defendant subjected Plaintiff to adverse employment actions, including but not limited to: issuing written discipline, demoting Plaintiff from Driver/Trainer to Driver, denying Plaintiff restoration to the Driver/Trainer position, passing Plaintiff over for available trainer opportunities, and ultimately rendering Plaintiff ineligible for the position of Driver/Trainer.

40. Plaintiff alleges that Defendant treated similarly situated non-Black and/or White employees more favorably than Plaintiff and other Black employees with respect to discipline, routes, trainer opportunities, workplace interactions, and other terms, conditions, and privileges of employment.

41. Plaintiff further alleges that employees outside Plaintiff's protected class engaged in the same or similar conduct alleged by Defendant, including lunch-break and/or

timekeeping practices, but were not subjected to the same disciplinary action, demotion, or loss of employment opportunities imposed upon Plaintiff.

42. Plaintiff further alleges that White trainers and/or non-Black employees were provided more favorable routes, more favorable opportunities, and more favorable treatment by management than Plaintiff and other Black employees.

43. Race was a motivating factor in Defendant's decision to discipline Plaintiff, demote Plaintiff, deny Plaintiff reinstatement to the Driver/Trainer position, deny Plaintiff trainer opportunities, and otherwise treat Plaintiff less favorably with respect to the terms, conditions, and privileges of his employment.

44. Defendant, through its agents, managers, supervisors, and/or employees, acted intentionally, willfully, maliciously, and/or with reckless disregard for Plaintiff's rights under the Elliott-Larsen Civil Rights Act.

45. As a direct and proximate result of Defendant's race discrimination and disparate treatment, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost earning capacity, lost employment opportunities, humiliation, embarrassment, emotional distress, mental anguish, damage to professional reputation, and other compensable damages in an amount to be determined at trial.

## COUNT III
## RETALIATORY FAILURE TO PROMOTE/FAILURE TO REINSTATE IN VIOLATION OF THE ELCRA

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Plaintiff engaged in protected activity under the Elliott-Larsen Civil Rights Act by opposing, reporting, and/or complaining about conduct he reasonably believed to be unlawful discrimination, disparate treatment, favoritism, and retaliation in the workplace.

48. Plaintiff's protected activity included, but was not limited to, raising concerns through Human Resources, complaining about disparate treatment, complaining about favoritism and retaliation, objecting to unfair employment practices, and advocating regarding workplace concerns affecting employees at Defendant's Dearborn location.

49. Defendant knew that Plaintiff engaged in protected activity because Plaintiff raised these concerns directly with Defendant's agents, supervisors, managers, and/or Human Resources representatives.

50. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including but not limited to written disciplinary action, demoting Plaintiff from Driver/Trainer to Driver, refusing to restore Plaintiff to the Driver/Trainer position, passing Plaintiff over for available trainer opportunities, and ultimately claiming that Plaintiff was ineligible to serve as a trainer due to alleged "paperwork."

51. Plaintiff sought to regain his Driver/Trainer position and was qualified to perform the duties of that role because he had previously served as a Driver/Trainer for Defendant and had the experience and knowledge necessary to perform the position, and was not demoted due to a lack of qualification, performance, knowledge, or experience, but rather an arbitrary lack of "shared vision."

52. In and around July 2025, October 2025, February 2026, and/or on other dates to be determined through discovery, Driver/Trainer and/or trainer opportunities became available.

53. Despite Plaintiff's qualifications, prior experience, and repeated efforts to return to the Driver/Trainer role, Defendant denied Plaintiff those opportunities.

54. Defendant instead selected other candidates, refused to provide Plaintiff a meaningful explanation, manipulated the posting and/or selection process, and/or relied upon vague and subjective explanations, including that another individual was a "better fit."

55. Defendant ultimately informed Plaintiff, directly or through its agents, that because of certain alleged "paperwork," Plaintiff was rendered ineligible to serve as a trainer, despite Plaintiff's prior service and experience in that same role.

56. Defendant's stated reasons for refusing to restore Plaintiff to the Driver/Trainer role and for denying Plaintiff trainer opportunities were false, shifting, inconsistent, unsupported, and/or pretextual.

57. The close timing between Plaintiff's protected activity, the written discipline, the demotion, and the subsequent repeated denials of trainer opportunities supports an inference that Defendant's actions were retaliatory.

58. Defendant's course of conduct, including the initial discipline, demotion, repeated denials of available trainer opportunities, vague explanations, and alleged paperwork-based disqualification, would dissuade a reasonable employee from making or supporting complaints of discrimination, disparate treatment, or retaliation.

59. Plaintiff's protected activity was a significant factor and/or motivating factor in Defendant's decision to deny Plaintiff reinstatement to the Driver/Trainer position and to deny Plaintiff future trainer opportunities.

60. Defendant, through its agents, managers, supervisors, and/or employees, acted intentionally, willfully, maliciously, and/or with reckless disregard for Plaintiff's rights under the ELCRA.

61. As a direct and proximate result of Defendant's retaliatory failure to promote and/or retaliatory failure to reinstate Plaintiff, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost earning capacity, lost employment opportunities, humiliation, embarrassment, emotional distress, mental anguish, damage to professional reputation, and other compensable damages in an amount to be determined at trial.

**RELIEF REQUESTED**

PLAINTIFF, Akil Garrett, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Award Plaintiff compensatory damages;
2. Award Plaintiff exemplary damages;
3. Award equitable relief, including reinstatement to the Driver/Trainer position or front pay in lieu of reinstatement, if appropriate;
4. Award Plaintiff costs and attorney fees incurred in connection with this action; and
5. Award any other and further relief that the Court may deem appropriate and just.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Rejanae M. Thurman*
Rejanae M. Thurman (P85701)
Thurman Legal Center
*Attorneys for Plaintiff*
403 S. Center St.
Royal Oak, MI 48067
586-328-3125
Rejanae@thurmanlegalcenter.com

Original - Court
1st Copy - Defendant
2nd Copy - Plaintiff
3rd Copy - Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>26-013706-CZ<br>Hon.Catherine L. Heise |
|---|---|---|

Court telephone no.: 313-224-5225

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Garrett, Akil | v | First Student Dearborn |
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Rejanae Thurman 85701<br>403 S Center<br>Royal Oak, MI 48067 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________________ Court, where it was given case number ______________ and assigned to Judge ______________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/6/2026 | 11/5/2026 | Jacqueline Ruff |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**SUMMONS**
Case No. : **26-013706-CZ**

# PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled<br>$ | Fee<br>$ | |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled<br>$ | Fee<br>$ | **Total fee**<br>**$** |

Signature

_______________________________

Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_______________________________ on _______________________________

Attachments (if any) Date and time

_______________________________ on behalf of _______________________________.

Signature

_______________________________

MCL 600.1910, MCR 2.104, MCR 2.105